**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MELISSA SUZETTE ARZU, Individually and as the Administrator of the Estate of KEVIN GREENIDGE, Deceased,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-00433-P** |
| **AMERICAN AIRLINES, INC.,** | § | |
| ***Defendant.*** | § | |

**DEFENDANT AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE IN ADVANCE OF THE DISPOSITIVE MOTION DEADLINE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARK T. PITTMAN:

Defendant, American Airlines, Inc. ("American" or "Defendant"), respectfully moves this Court for leave to file its *Motion to Exclude Expert Testimony of Dr. Warmink and brief in Support* (the "Motion to Exclude") pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) in advance of the deadline for dispositive motions set forth in the Court's Scheduling Order (ECF No. 97). A copy of American's proposed *Motion to Exclude* is attached hereto for the Court's reference. In support, American states as follows:

## I. BACKGROUND

As this Court is likely familiar, this case arises from the death of fourteen-year-old Kevin Greenidge aboard American Airlines Flight 614 on June 4, 2022. Plaintiff, Melissa Suzette Arzu, individually and as administrator of Kevin's estate ("Plaintiff"), asserts wrongful death and survival claims under Article 17 of the Montreal Convention. [ECF No. 99 at 8-10]. This Court previously granted American's Motion for Summary Judgment, finding that the flight crew's

response to Kevin's medical emergency did not constitute an "accident" under the Montreal Convention. *Arzu v. Am. Airlines, Inc.*, 782 F. Supp. 3d 361, 370 (N.D. Tex. 2025) (ECF No. 82). Because the Court resolved the case on the "accident" element, it did not reach the issue of causation. *Id*. at 367 n.7.

On appeal, the Fifth Circuit affirmed this Court's grant of summary judgment on Plaintiff's ineffective-response theory but reversed on Plaintiff's theory that American's Automatic External Defibrillator ("AED") malfunctioned. *Arzu v. Am. Airlines, Inc.*, 176 F.4th 343, 352 (5th Cir. 2026). The Fifth Circuit held that "a genuine dispute remains whether American equipped Kevin's flight with a functional AED, as the FAA requires" and that "a reasonable jury could find that the alleged AED malfunction was an Article 17 accident." *Id*. at 353. Critically, however, the Fifth Circuit addressed American's alternative argument that Arzu failed to generate a genuine fact-dispute on causation. *Id.* at 353-54. The court declined to affirm on this basis, but its reasoning makes clear that the obstacle to affirming on causation was evidentiary admissibility, not evidentiary sufficiency. *Id*.

Specifically, the Fifth Circuit held that American's arguments that Plaintiff's causation expert, Dr. Warmink, "misapprehended survival statistics" and relied on "the faulty assumption that the AED malfunctioned" were challenges to admissibility under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993), and that "[i]f American wished to do so, it should have moved under [the Federal Rules of Evidence] in the district court." *Id*. at 353. Having declined to consider admissibility, the Fifth Circuit found that Dr. Warmink's testimony, taken at face value, "creates a genuine dispute" and "a trial issue, at which American may challenge his opinion and its basis." *Id*. at 354.

In other words, the Fifth Circuit expressly identified the path forward: American must challenge the admissibility of Dr. Warmink's causation testimony through a *Daubert* motion in this Court. Only then can the causation issue be resolved as a matter of law on summary judgment.

On June 17, 2026, following remand, counsel for both parties met and conferred on the new scheduling order. [ECF No. 95]. Both parties agreed that no fact or expert discovery deadlines should be re-opened.[1] [ECF No. 95 at ¶¶ 8, 10]. On June 23, 2026 this Court entered a new Scheduling Order. [ECF No. 97]. As is the common practice for this Court, the Scheduling Order set the deadline to file challenges to expert testimony *after* the date for dispositive motions. [ECF No. 97 at 2, ¶ 4(a)]. Currently, the deadline for dispositive motions is September 11, 2026 and "objections, motions to strike, or motions to exclude expert testimony (including Daubert motions)" may be filed only between September 11, 2026, and October 23, 2026. [*Id.* at ¶¶ 3, 4(a)]. However, "[i]f a party seeks to file [a *Daubert* motion] before September 11, 2026, they must seek leave of court." [*Id.* at ¶ 4(a)]. Accordingly, American files this motion seeking leave to file its *Motion to Exclude Expert Testimony of Dr. Corwin Warmink* before September 11, 2026.

## II. ARGUMENT & AUTHORITIES

### A. Good Cause Exists to Permit Early Filing of American's *Daubert* Motion.

This Court has broad discretion to manage its docket and to modify scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). The Scheduling Order itself contemplates early filing of *Daubert* motions, expressly providing that a party may seek leave to file before the September 11, 2026 dispositive motion deadline. [ECF No. 97 at 2, ¶ 4(a)]. Good cause exists here because the

[1] Under the original scheduling order, Plaintiff served her Initial Expert Designations on November 1, 2024, and American served responsive reports on December 2, 2024. [ECF No. 12]. American deposed Plaintiff's medical causation expert, Dr. Corwin Warmink, on January 22, 2025, and discovery closed on January 31, 2025. [ECF No. 12].

*Daubert* motion is not merely ancillary to American's anticipated dispositive motion—it is a prerequisite to it.

**B. The Fifth Circuit's Opinion Suggested That American's *Daubert* Motion be Resolved Before Dispositive Motions Are Decided.**

The Fifth Circuit's opinion creates an express sequencing requirement. The Court of Appeals held that Dr. Warmink's causation testimony—standing unchallenged—"creates a genuine dispute on the issue" sufficient to defeat summary judgment. *Arzu*, 176 F.4th at 354. But the Fifth Circuit also made clear that American's arguments regarding Dr. Warmink's reliability were admissibility challenges that "should have [been] moved under [the Federal Rules of Evidence] in the district court." *Id*. at 353-54.

The Fifth Circuit's instruction is unambiguous: the admissibility of Dr. Warmink's testimony is the threshold question that determines whether causation presents a triable fact issue or a question of law. If Dr. Warmink's testimony is excluded, no evidence supports Plaintiff's theory that the alleged AED malfunction caused Kevin's death, and causation fails as a matter of law—precisely the result the Fifth Circuit indicated was foreclosed only because American had not moved to exclude the testimony in this Court.

Because this Court previously granted summary judgment on "accident" grounds without reaching causation, there has been no prior occasion to challenge Dr. Warmink's admissibility. *Arzu*, 782 F. Supp. 3d at 367 n.7. The *Daubert* motion American now proposes is the first opportunity to raise the precise challenge the Fifth Circuit identified.

**C. Judicial Economy and Orderly Case Management Favor Early Resolution.**

Requiring American to file its *Daubert* motion simultaneously with—or after—its motion for summary judgment would deprive this Court of the opportunity to resolve the threshold evidentiary question first.

As demonstrated in the Motion to Exclude attached to this motion, American seeks to challenge Plaintiff's causation expert. [*See* Ex. A]. If the *Daubert* motion is granted, the summary judgment briefing can address causation as a legal issue, streamlining the analysis. If it is denied, American's summary judgment briefing can account for that ruling. Either way, early resolution of the *Daubert* motion avoids duplicative briefing, serial motions practice, and the potential need for supplemental briefing on summary judgment after a later *Daubert* ruling.

Additionally and as discussed *supra*, the parties agreed in their Joint Report that no additional written discovery or depositions—fact or expert—was needed. [ECF No. 95, at ¶¶ 8, 10]. Plaintiff produced Dr. Warmink's expert opinion on November 1, 2024, and Defendant deposed Dr. Warmink on January 22, 2025. His opinion has been fully disclosed to all parties. Additionally, all discovery, including expert discovery, concluded on January 31, 2025, and the parties agreed that none of these deadlines need be reopened. [ECF No. 95, at ¶¶ 8, 10]. There is thus no outstanding discovery that would make the filing of a *Daubert* motion premature.

Finally, early filing of a *Daubert* motion also serves the broader interests of judicial economy by potentially narrowing the issues for trial. The Scheduling Order sets a trial date of December 7, 2026. [ECF No. 97 at 1]. Resolving the admissibility of Plaintiff's sole causation expert well before trial will allow the parties and the Court to focus their resources on the issues that will actually be tried, if any.

**D. Plaintiff Suffers No Prejudice.**

Finally, Plaintiff will suffer no prejudice from early consideration of the *Daubert* motion. Plaintiff will have a full and fair opportunity to respond to the motion on the merits. Early filing advances a challenge that American would otherwise be entitled to bring beginning September 11, 2026, and gives Plaintiff additional time to prepare a response.

Accordingly, good cause exists to support granting American's motion and permitting it to file its *Daubert* motion prior to September 11, 2026.

## III. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, American Airlines, Inc. respectfully requests that this Court grant leave to file its *Daubert Motion to Exclude Expert Testimony of Dr. Warmink*, attached hereto as **Exhibit 1**, in advance of the September 11, 2026 dispositive motion deadline, and for such other and further relief to which American may be justly entitled.

Respectfully submitted,

*/s/ Meredith Knudsen*

Shauna J. Wright
State Bar No. 24052054
shauna.wright@kellyhart.com
(817) 878-3587
Meredith W. Knudsen
State Bar No. 24088617
meredith.knudsen@kellyhart.com
(817) 878-3578
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102

**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on August 26 and August 27, 2026 counsel for American, Meredith Knudsen, conferred with counsel for Plaintiff, Hannah Crowe, via e-mail regarding this motion and the relief sought herein. Plaintiff is opposed to the relief requested herein.

*/s/ Meredith Knudsen*
Meredith Knudsen

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Meredith Knudsen*
Meredith Knudsen